UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LA' DARRELL DIXON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-243-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

La' Darrell Dixon, a prisoner currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the $5.00 filing fee. This matter is pending for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

On March 10, 2004, Dixon pled guilty to armed bank robbery in violation of 18 U.S.C. §2113(a) and (d). On May 24, 2004, the District Court sentenced Dixon to an 84-month term of incarceration to be followed by a 60-month term of supervised release. The Court also imposed a $100 special assessment and ordered $3,291.81 in restitution be paid to the identified victim. Dixon did not appeal the judgment of conviction. However, he filed a Section 2255 motion to vacate his conviction on February 22, 2005 asserting ineffective assistance of counsel and a right to relief under *Blakely v. Washington*, 542 U.S. 296 (2004). The sentencing court denied that relief on October 6, 2005. Dixon's appeal from that order was dismissed for his failure to pay the appellate filing fee. *United States v. Dixon*, 04-CR-3, Southern District of Georgia. [See Record Nos. 10, 11, 12, 19, 20, 25 therein.]

In his present petition filed under 28 U.S.C. §2241, Dixon alleges that the sentencing court violated *United States v. Booker*, 543 U.S. 220 (2005), when it considered previously-committed crimes to enhance his sentence and when it imposed restitution based upon Dixon's alleged theft of a vehicle without having had either issue decided by a jury applying a beyond a reasonable doubt standard. On the same date Dixon filed his present petition, he filed an identical copy of this petition in the Southern District of Georgia. *Dixon v. Grondolsky*, 06-121, Southern District of Georgia. [See Record No. 1 therein.]

## DISCUSSION

Dixon's claims fail for a number of reasons. First, a habeas corpus petition pursuant to Section 2241 is not the appropriate avenue for relief under the circumstances of this case. Typically, this statutory section is used by prisoners to challenge the execution of a sentence,

such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Dixon challenges the legality of his sentence, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. While Dixon's petition does not include an assertion that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention, the Court will construe his petition as an attempt to invoke this Court's habeas corpus jurisdiction under Section 2241 pursuant to the "savings clause" of Section 2255. 28 U.S.C. §2255, ¶5.

It appears from a review of the record in Dixon's prior legal proceedings that he has not previously presented his claim in a prior post-conviction motion under Section 2255 and been denied relief by the trial court. The Court, therefore, must determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified *Charles* by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent

Supreme Court decision interpreting the substantive terms of the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

Here, Dixon does not assert that his conduct did not violate the substantive terms of the criminal statutes under which he was convicted based upon a subsequent Supreme Court decision that more narrowly interprets the scope of the conduct proscribed. Rather, he challenges the process used to sentence him. Such procedural challenges fall exclusively within the scope of a direct appeal or a motion to vacate under Section 2255. Because the claims in Dixon's habeas corpus petition do not present a facially-valid claim that he is "actually innocent" of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Second, even if *Charles* and *Martin* did permit the court to reach Dixon's claims on the merits, they would fail. Dixon's first claim is that the sentencing court's consideration of prior crimes to enhance his sentence violates *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*'s predecessor, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, *other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved a beyond

reasonable doubt. In *Booker*, the Supreme Court applied that holding to cases decided under the federal sentencing guidelines.

However, Dixon may not rely on *Booker* as a basis for relief where his conviction became final before *Booker* was decided. A federal habeas corpus petitioner may generally not rely on a "new" rule of criminal procedure decided after his conviction has become final on direct appeal. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). In a particular case, a court engages in a three-step analysis to determine whether the new rule may be applied to a case on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989). First the court determines when the defendant's conviction became final. The court next decides whether the rule in question is actually "new." *Beard v. Banks*, 542 U.S. 406, 411 (2004). If it is, the court must determine whether the new rule falls into either of two exceptions to nonretroactivity. *Lambrix v. Singletary*, 520 U.S. 518 (1997).

The District Court sentenced Dixon on May 24, 2004. Dixon did not attempt to appeal that sentence. Thus, Dixon's conviction became final long before the Supreme Court's *Booker* decision in 2005, regardless of whether Sixth Circuit (90 days) or Eleventh Circuit (10 days) law with respect to *Teague* finality is applied. Dixon may rely on *Booker* only if it did not announce a "new" or "watershed" rule of criminal procedure but was instead clearly foreshadowed by existing precedent. But the Supreme Court and the Sixth Circuit have foreclosed such a conclusion: *Booker* itself stated it was applicable to cases on direct review (*Booker*, 543 U.S. at 268) and the Sixth Circuit has held that *Booker* cannot be used to collaterally attack a sentence, *Humphress v. U.S.*, 398 F.3d 855, 861 (6th Cir. 2005).

-5-

In addition, by their terms, *Apprendi* and *Booker* do not require proof beyond a reasonable doubt for "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Therefore, Dixon's complaint that "the subject of this petition is the utilization of previously committed crimes as an enhancement to the case . . ." fails to state a claim for relief under *Apprendi* or *Booker*. Finally, Dixon conveniently ignores the fact that he was not convicted by a jury, but pled guilty to the crime in question.

Dixon's second claim is that the sentencing court improperly imposed restitution based upon Dixon's alleged theft of a vehicle without having had this issue decided by a grand jury or a jury in violation of *Booker*. However, the Sixth Circuit has joined five other circuit courts of appeal in rejecting the notion that *Booker* has any application to restitution orders. While noting that under Sixth Circuit law restitution does constitute "punishment," the Sixth Circuit concluded that *Booker* presents no obstacle to judicial finding of facts to determine the appropriateness and/or amount of restitution because, while the penalty statutes contain a determinate statutory maximum penalty, the restitution statutes do not. *U.S. v. Sosebee*, 419 F.3d 451, 461-62 (6th Cir. 2005).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Dixon's petition for a writ of habeas corpus is **DENIED.**

(2)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 5th day of July, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge